■ ARTHUR ANDERSON, an Infant, by RAYMOND BECKER, His Guardian ad Litem, Respondent, v. SHERMAN BLACKWOOD, Defendant, and HOGEBOOM & CAMPFIELD, INC., Appellant. JOHN CARPENTER, Respondent, v. SHERMAN BLACKWOOD, Defendant, and HOGEBOOM & CAMPFIELD, INC., Appellant.— Appeal by the defendant Hogeboom & Campfield, Inc., from judgments in negligence actions, found in the Supreme Court of Montgomery County, after a trial by jury, in favor of plaintiffs-respondents in the sum of $75,000 and $7,500 respectively. This defendant also appeals from the order denying its motion for a nonsuit and from the orders of the trial court denying its motion to set aside the verdicts of the jury. The cases arose out of an accident which happened on a highway known as Route 5-S in the county of Montgomery. This highway had been relocated because its original bed had been appropriated as a part of the New York State Thruway. According to the testimony, two hoses had been placed across the highway by the defendant corporation to supply water to an adjacent farmer whose former supply had been cut off. There was testimony that the hoses were broken from time to time by traffic and boards were placed over them to protect them against such breakage. There was also testimony that in cold weather ice formed around these obstructions. The accident happened on the early morning of December 16, 1952. Both plaintiffs were passengers in an automobile traveling over the highway at the time and it is their claim that the car in which they were riding struck a hump of ice in the highway at the place where the hose and boards existed. That by reason thereof the driver of the car lost control of the same and it left the highway and crashed into a tree. As a result thereof very serious injuries were sustained by the plaintiff Anderson, and injuries were also sustained by the plaintiff Carpenter. Plaintiffs claimed that the defendant was negligent in placing such obstructions in the highway, and permitting them to exist in the condition they were in. The evidence given on the trial was sharply conflicting but presented so far as we can discover from the record nothing but issues of fact for the jury. The issues of negligence and contributory negligence were submitted by the trial court in a charge that was comprehensive and fair, and to which no exceptions were taken by either counsel, nor were any requests to charge made by either counsel. No claim of excessiveness is made as to the verdict in favor of the plaintiff Anderson but the defendant claims that the verdict of $7,500 for Carpenter was excessive. We think in view of the injuries that the verdict was fairly within permissible limits. Judgment and order affirmed, with costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ LAURENCE H. FALLS, Respondent, v. THOMAS S. CLARKSON MEMORIAL COLLEGE OF TECHNOLOGY, Appellant.— Appeal by defendant from a judgment of the Supreme Court entered in St. Lawrence County upon the verdict of a jury. There is also a separate appeal from an order of the Supreme Court

denying defendant's motion to eliminate certain interest which was included in the judgment. The action was brought to recover an alleged balance due to plaintiff for salary as an instructor at the defendant college. The answer asserts payment in full of all sums due pursuant to the agreement between the parties. Pursuant to an oral agreement the plaintiff began teaching at Clarkson College on November 2, 1947, at a salary of $3,400 per year. It was the custom of the college to pay salaries monthly on the 15th day of each month. Plaintiff received and cashed a check for one tewelfth of the $3,400 each month until September 15, 1948, prior to the end of a full calendar year of employment. On that day his salary was orally increased to $3,500 per year, and thereafter he was paid monthly one twelfth of that figure until July 1, 1949, when his salary was increased to $3,600 per year, and thereafter he was paid at the monthly rate of one twelfth of that figure. On June 8, 1950, his salary was increased to $3,800 per year, and effective July 1, 1951, his salary was again increased to $4,100 per year. Plaintiff voluntarily severed his connections with Clarkson College on June 10, 1952, but was paid for the full month of June, 1952. During the entire period of plaintiff's employment the plaintiff received and cashed monthly checks for one twelfth of the stated salary without protest. He taught at the college for 56 months and was paid for 56 months at the agreed rate. It does not appear from the record that he ever made any demand for any additional payment until this action was commenced. He now contends that he is entitled to the full salary at each agreed figure for the full year from its effective date, and that hence a balance is due him. We think that the meager evidence as to the exact terms of the oral contracts, plus the undisputed evidence as to the acts and conduct of the parties, conclusively establishes that both parties understood that the agreement called for equal monthly payments at the rate of the annual salary agreed upon, and by their acts and conduct both parties acquiesced in such an arrangement, and that plaintiff has been paid in full in accordance with the understanding of the parties. The judgment is reversed, on the law and the facts, and the complaint dismissed, without costs. The appeal from the order relating to interest is dismissed as academic. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.